UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR24-035 JHC |
| Plaintiff, | |
| v. | DISCOVERY PROTECTIVE ORDER |
| BRETT GILLETTE, | |
| Defendant. | |

This matter, having come to the Court's attention on the Stipulation for Entry of a Discovery Protective Order submitted by the United States of America and Defendant BRETT GILLETTE, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1.     Protected Material

The following documents and materials are deemed Protected Material.  The United States will make available copies of the Protected Materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the Protected Materials is limited to the attorneys of record, and investigators, paralegals, law clerks, experts, and assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team).  This category of Protected Materials will be marked and labeled as "Protected Material":

a.     Interviews of minor victim(s); and

b.     Personal identifying information concerning minor victim(s).

2.     Scope of Review of Protected Material

Defense attorneys of record and members of the defense team may display and review the Protected Material with the Defendant.  The attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to the Defendant and other persons is prohibited and agree not to duplicate or provide copies of Protected Material to the Defendant and other persons.

3.     Consent to Terms of Protective Order

The provisions of the protective order shall apply to all members of the defense team, including but not limited to other attorneys, contract attorneys, investigators, legal assistants, interns, experts, and paralegals. It is the responsibility of defense counsel to ensure that all members of the defense team understand the restrictions of the protective order and understand that they are required to abide by those restrictions.

4.     Parties' Reciprocal Discovery Obligations

Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

5.     Filing of Protected Material

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court.  This does not entitle either party to seal their filings as a matter of course.  The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

6.     Non-termination

The provisions of this Order shall not terminate at the conclusion of this prosecution.

DATED this 11th day of March, 2024.

John H. Chun
_____
JOHN H. CHUN
United States District Judge

DISCOVERY PROTECTIVE ORDER - 3
*United States v. Gillette*, CR24-035 JHC