UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATLLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRETT ALLEN GILLETTE,<br><br>Defendant. | NO. CR24-035-JHC<br><br>PRELIMINARY ORDER OF FORFEITURE |

THIS MATTER comes before the Court on the United States' Motion for a Preliminary Order of Forfeiture (the "Motion"), Dkt. # 44, seeking to forfeit, to the United States, Defendant Brett Allen Gillette's interest in the following property (the "Subject Property"):

- A Samsung Galaxy S20 Model SM-G781U smartphone, seized from Defendant's storage locker in Bellevue, Washington, on or about September 6, 2023.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS that a Preliminary Order of Forfeiture is appropriate because:

- The Subject Property is forfeitable pursuant to 18 U.S.C. § 2253(a), as property that was used to commit or to facilitate Defendant's commission of *Possession of Child Pornography*, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2); and,

- In his Plea Agreement, Defendant agreed to forfeit, pursuant to 18 U.S.C. § 2253(a), his right, title, and interest in all property, including the Subject Property, that he used to commit or facilitate the commission of *Possession of Child Pornography*, as well as any proceeds of this offense, to which Defendant pleaded guilty. Dkt. No. 40 ¶ 12.

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 18 U.S.C. § 2253(a) and his Plea Agreement, Defendant's interest in the Subject Property is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3) The United States Department of Homeland Security Investigations, Immigration and Customs Enforcement (ICE) and/or their authorized agents or representatives, shall maintain the property in their custody and control until further order of this Court. ICE shall destroy any prohibited images unless they have been destroyed already or will be retained for official, investigative use, as permitted by 21 U.S.C §§853(i) and 881(e);

4) Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the Subject Property as permitted by governing law. The notice shall be posted on an official government website – currently www.forfeiture.gov – for at least thirty (30) days. For any person known to have alleged an interest in the property, the United States shall, to

the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

   a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property;

   b. shall be signed by the petitioner under penalty of perjury; and,

   c. shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5) If no third-party petition is filed within the allowable time period, the United States shall have clear title to the Subject Property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6) If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and

///

///

///

7) The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 11th day of March, 2025.

_____
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE